Slip Op. 03-27

UNITED STATES COURT OF INTERNATIONAL TRADE

FORMER EMPLOYEES OF
QUALITY FABRICATING, INC.,

        Plaintiffs,

    v.

THE UNITED STATES
SECRETARY OF LABOR,

        Defendant.

Before:       WALLACH, Judge

Court No.:   02-00522

[Motion to Dismiss DENIED.]

Decided: March 14, 2003

Collier Shannon Scott, (John Brew and Iva Smith) for Plaintiffs.

Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; Lucius B. Lau, Assistant Director, Victoria L. Strohmeyer, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for Defendant.

**<u>OPINION</u>**

Defendant, United States Department of Labor ("DOL"), filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2636(d) (1994), because Plaintiffs brought their suit beyond the sixty-day statutory time period for commencing an action.[1]

---

[1] Section 2636(d) states that "[a] civil action contesting a final determination of the Secretary of Labor under section 223 of the Trade Act of 1974 . . . is barred unless commenced in accordance with the rules of the Court of International Trade within sixty days after the date of notice of such determination."

Plaintiffs, certain former employees of Quality Fabricating, Inc. ("Quality"), contest the decision of the Secretary of Labor denying North American Free Trade Agreement Transitional Adjustment Assistance ("NAFTA TAA") and seek equitable tolling of the statutory time limit. For the reasons discussed below, the Defendant's Motion to Dismiss is denied under the equitable tolling doctrine.

## I. Background

The facts are uncontroverted. On June 28, 2001, Plaintiffs mailed their petition for NAFTA TAA to the DOL. Defendant registered the petition on July 5, 2001, and designated it Petition #5051. Margaret Miller, a former employee of Quality, continuously checked the DOL website starting August 1, 2001.[2]

On October 9, 2001, Ms. Miller e-mailed the DOL regional office in Harrisburg, Pennsylvania, the e-mail address of which was provided on the website, to inquire about the petition. Ms. Miller explained that she was checking the website every day for the determination. She received a return e-mail on October 11, 2001, saying that "these things take time," but she was not advised that she should check or contact any other source. After receiving this e-mail, Ms. Miller contacted two Representatives from Congress, but received no response.

On November 7, 2001, Ms. Miller contacted the State of Pennsylvania Department of Labor Trade Adjustment Representative at the Pennsylvania CareerLink offices. She stated she had been checking the DOL website without result. The state employee assured her that she was doing everything she should and advised her to continue checking the DOL website for the

---

[2] The homepage for the Department of Labor is found at http://www.doleta.gov.

2

determination. He said the DOL had not yet requested the information from Quality needed to send notifications regarding the determination, and it was therefore unlikely that she would receive notice anytime soon. He also said the DOL would send her a letter when it made the determination.

Ms. Miller then contacted a state legislator and requested help obtaining an answer from her U.S. Senator, and her Representative in the House. On November 21, 2001 she received a letter from the office of her Congresswoman, Melissa Hart, stating that the Quality Fabricating petition was still pending. On December 10, 2001, Ms. Miller again e-mailed the DOL regional office and was told that "these things take time."

On December 18, 2001, Ms. Miller visited the State of Pennsylvania's Department of Labor Trade Adjustment Representative, who checked the web site in her presence and told her that no determination had been made regarding eligibility. He told her again that the DOL had not yet requested the information necessary to send notifications regarding the determination.

Ms. Miller asked what more she could do to expedite a determination, and the representative gave her two pamphlets addressing benefits under NAFTA TAA.[3] Additionally, he gave her a telephone number for the DOL NAFTA TAA office in Washington D.C., and permitted her to call NAFTA TAA from his office. She left a message. No one returned her call.

From January through May 2002, Ms. Miller e-mailed the general Internet address for the DOL regional office in Harrisburg, Pennsylvania once a month to inquire about the petition. She received no response. On May 9, 2002, the DOL issued a negative eligibility determination for

---

[3] The first pamphlet was titled "Transitional Adjustment Assistance Benefits," and the second was titled "Assistance for Workers Under the Trade Act of 1974."

employees of Quality. It was published in the Federal Register Notice of Determination Regarding Eligibility To Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 67 Fed. Reg. 35,140, 35,142 (May 17, 2002) ("Determination").

Ms. Miller first learned of the denial on July 15, 2002, when it appeared on the DOL website, back-dated to May 9, 2002. The notice also contained a hyperlink to a site which discussed appeal rights from a negative determination. That evening, she drafted a letter to the Clerk of Court of the United States Court of International Trade. On July 16, 2002, Ms. Miller, on behalf of Quality employees, sent the letter, via regular mail, requesting an appeal from the DOL's Determination. The Court received Ms. Miller's letter on July 22, 2002, and deemed it filed on that day.[4] Thus, Ms. Miller's letter was filed sixty-six days after the publication of the negative determination in the Federal Register.

## II.
## STANDARD OF REVIEW

The plaintiff has the burden of pleading and proving the requisite jurisdictional facts to establish this court's jurisdiction by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); Elkem Metals Co. v. United States, 44 F. Supp. 2d 288, 292 (CIT 1999).

---

[4] Ms. Miller was unaware of the filing requirements established by USCIT R. 5(e) that "[f]iling is completed when received, except that a paper mailed by certified or registered mail properly addressed to the clerk of the court, with the proper postage affixed and return receipt requested, shall be deemed filed as of the date of mailing."

**III.**
**ARGUMENTS**

Defendant argues that this court lacks subject matter jurisdiction because Plaintiffs failed to seek judicial review within the sixty-day period prescribed by 19 U.S.C. § 2395(a) (1999)[5] and 28 U.S.C. § 2636(d). The time period required for challenging a determination of ineligibility before this court under 28 U.S.C. § 1581(d)(1) (1994)[6] is governed by 28 U.S.C. § 2636(d). See Former Employees of ITT v. Sec'y of Labor, 12 CIT 823, 824 (1988).

Plaintiffs' claim that because government officials misrepresented to Ms. Miller that the DOL website was the official source for the status of plaintiffs' petition and that a letter would be sent to her from the DOL, the court should deem the plaintiffs' action timely commenced under the doctrine of equitable tolling.

**IV.**
**ANALYSIS**

The United States is immune from suit except as it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed. 607 (1980); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 312 U.S. 584 (1941). However, under 28 U.S.C. § 2636(d), private parties are granted the right to contest the DOL's determinations of worker eligibility for NAFTA TAA. The sixty-day period prescribed by 19 U.S.C. § 2395(a), and pursuant to 29

---

[5] Section 2395 provides that "a worker . . . aggrieved by a final determination of the Secretary of Labor . . . may, within sixty days after notice of such determination, commence a civil action in the United States Court of International Trade for review of such determination."

[6] Section 1581(d)(1) states that the Court of International Trade has "exclusive jurisdiction of any civil action commenced to review . . . [a] final determination of the Secretary of Labor under section 223 of the Trade Act of 1974 . . . with respect to the eligibility of workers for adjustment assistance under such Act."

5

C.F.R. § 90.19(a)(2002),[7] begins to run when the negative determination is published in the Federal Register. In this case, the Determination was published on May 17, 2002, and while Ms. Miller's letter was sent on July 16, 2002, it was not deemed filed until July 22, 2002, sixty-six days after publication in the Federal Register.

The Supreme Court has held that statutes of limitations, in suits against the government, are presumptively subject to equitable tolling. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). The doctrine of equitable tolling permits a plaintiff to avoid the bar of a statute of limitations should, despite all due diligence and reasonable efforts, she be unable to obtain information necessary to maintain her claim. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990). However, a mere "[m]istake, misunderstanding, or lack of knowledge is not sufficient grounds for tolling the statute of limitations" on a party's behalf. Bergstein v. Jordache Enters., 1995 U.S. Dist. LEXIS 10718 *9 (S.D.N.Y. Aug. 1, 1995). Indeed, a statute of limitations may not be justifiably tolled if the plaintiff is merely unaware of facts or law. See Laundry Equip. Sales Corp. v. Borg-Warner Corp., 334 F.2d 788, 792 (7th Cir. 1964).

Equitable tolling will apply when plaintiffs remained ignorant of necessary information or requirements through no fault of their own. Dodds v. Cigna Sec. Inc., 12 F.3d 346, 350 (2d Cir. 1993). The Supreme Court in Irwin stated that equitable tolling was generally allowed where a complainant was "induced" by his adversary's misconduct into allowing the filing deadline to

---

[7] Section 90.19(a) states that "any worker . . . aggrieved by a final determination . . . may commence a civil action for review of such determination with the United States Court of International Trade . . . within sixty (60) days after the notice of determination has been published in the Federal Register."

pass. 498 U.S. at 95-96. However, equitable tolling does not depend on the defendant's wrongful conduct; it focuses on whether there was an "excusable delay by the plaintiff" in bringing a claim. Santa Maria v. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

This court held in Former Employees of Siemens Info. Communication Networks, Inc. v. Herman, 120 F. Supp. 2d 1107, 1113-14 (CIT 2000), that the doctrine of equitable tolling is available in NAFTA TAA cases because "the remedial purpose of the trade adjustment assistance program . . . supports the conclusion that equitable tolling is available" in an action challenging a final determination of the Secretary of Labor regarding worker eligibility for TAA. Id. The court in Siemens ultimately held that equitable tolling was not available to the plaintiffs in that case because they failed to act with due diligence in pursuing their claim.[8] Id. In determining whether plaintiffs acted with due diligence, the court required "a fact-specific inquiry," and stated that it would be "guided by reference to the hypothetical reasonable person." Id.

---

[8] The court cannot entertain requests for judicial review of negative determinations beyond the statute of limitations if plaintiffs fail to either claim equitable considerations or exercise due diligence in bringing their claim. In Former Employees of ITT v. Sec'y of Labor, 12 CIT 823 (1988), plaintiffs did not plead equitable tolling and the court held that it lacked jurisdiction because plaintiffs filed their complaint more than five months after publication by the Secretary of Labor. See also Former Employees of Geosearch, Inc. v. United States, 11 CIT 953, 954 (1987). In Kelley v. Sec'y of Labor, 812 F.2d 1378 (Fed. Cir. 1987), plaintiffs failed to timely file their complaint with the Clerk of Court after receiving actual notice of the negative determination and the Federal Circuit held that the CIT could not take a liberal view of jurisdictional requirements and permit different rules for pro se litigants. See id. at 1380; But see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (explaining that equitable tolling is available against the government where claimant has either actively pursued judicial remedies or is induced to allow filing deadline to pass). See also Former Employees of Roeder Hydraulics v. Sec'y. of Labor, 19 CIT 825 (1995) (holding the court lacked subject matter jurisdiction because plaintiffs filed their action sixty days after Labor's final determination, and failed to respond to defendant's motion to dismiss).

**The Uncontroverted Facts in this Case Demonstrate that Plaintiff Acted as a Reasonably Prudent Person in Relying on the Assertions of Government Officials and Filing Her Claim Challenging Labor's Negative Determination.**

The question before this court then, is whether Ms. Miller acted with due diligence. The facts speak for themselves. Ms. Miller continuously e-mailed the DOL regional office in Harrisburg, Pennsylvania. She was told by a government official that the DOL website would contain the information she needed regarding the petition, and she checked the website daily. She visited the State of Pennsylvania Department of Labor Trade Adjustment Representative. She was told that the DOL would send a letter to Quality requesting the names, addresses, and social security numbers of persons laid off in the previous two years and send notifications regarding the determination. She read the pamphlets given to her by the representative. She called the DOL NAFTA TAA office in Washington D.C. She contacted her federal Representatives. She contacted her state representative. She was affirmatively instructed by government officials to check the DOL website.[9] At no time did the various government officials she spoke with or e-mailed tell her that she was not consulting the correct source of information.[10]

---

[9] The very first day the notice appeared on the DOL website she took action.

[10] Decisions by other courts support the proposition that where a plaintiff is induced by government officials to allow a filing deadline to pass, the court is warranted in granting equitable relief. In Jarrell v. United States Postal Serv., 753 F.2d 1088 (D.C. Cir. 1985), the court excused plaintiff's non-compliance with filing requirements because it resulted from justifiable reliance on the advice of a government officer. Id. at 1092. Additionally, in Early v. Bankers Life & Casulaty Co., 959 F.2d 75 (7th Cir. 1992), the court found that an EEOC employee's "erroneous representation" to plaintiff that filling out a questionnaire fulfilled the necessary administrative level requirements and assurance that he had two years from the date of the alleged act of age discrimination to file a claim was sufficient to toll the administrative statute of limitations. Id. at 81.

Ms. Miller relied on assurances and instructions from the State of Pennsylvania Department of Labor Trade Adjustment Representative and the DOL regional office that she was checking the correct source for information about the petition.  The government officials' affirmative representation, that the correct method by which she should check for notice regarding a determination was the DOL website, caused Ms. Miller to follow her course of action.  Ms. Miller's understanding of the process was further confirmed by the Trade Adjustment Representative personally checking the DOL website in her presence in order to determine whether a notice of the determination had been issued.  Where a "reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Santa Maria, 202 F.3d at 1178.  The actions of these officials reasonably led Ms. Miller to believe that she was acting appropriately checking the DOL website for a determination while awaiting a letter from the DOL.

Federal courts extend equitable relief sparingly, and the DOL relies on authority that holds tolling is generally only available where a party "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96 (footnote omitted).  During oral argument, Defendant claimed that Ms. Miller was barred from asserting equitable tolling because she was not tricked or induced by the government.  While the record demonstrates no intentional trickery by the government, it certainly shows inducement.  Ms. Miller was told what to do and how to do it.  The affirmative instructions she was given were incorrect.  If the DOL and its governmental representatives

9

cannot reasonably be expected to know their own rules and procedures, who can? If a working person, untrained in the law and administrative procedures, cannot rely on an affirmative statement by the government of the United States, upon whom can they rely?

Defendant further claims that merely because Ms. Miller availed herself of the DOL website, a more user-friendly source than the bound Federal Register, such action did not entitle her to rely on the DOL website rather than the Federal Register. Defendant misstates the case. Ms. Miller did not rely on the website; rather, she relied on the assertions made by government officials that she should check the website for the determination.

Defendant also claims that Ms. Miller ignored the instructions in one of the pamphlets the State of Pennsylvania Department of Labor Trade Adjustment Representative gave to her, and that the pamphlet's instructions gave her actual and constructive notice to check the Federal Register. The pamphlet, "Assistance for Workers Under the Trade Act of 1974" mentions the Federal Register in a section titled "Appeal Rights." The language that Defendant cites, on the eighteenth page of the pamphlet, states that "workers whose petition for adjustment assistance has been denied by the U.S. Department of Labor may: . . . [f]ile an appeal seeking judicial review of the U.S. Department of Labor's notice of final negative determination within 60 days of publication of the denial in the Federal Register." Plaintiffs sought the results of their TAA determination and had no reason to further inquire as to their appeal rights until the DOL made a determination. Additionally, Defendant fails to mention that the same pamphlet states on the second page that

> A petition for TAA benefits may have already been filed for workers in your
> company. You may verify whether a petition has been filed, and the status of the
> petition, by checking with the local Job Center, Team Pennsylvania CareerLink,
> UC Service Center, by contacting the Office of the Trade Adjustment Assistance,

10

or by visiting the U.S. Department of Labor's website at http://www.doleta.wdsc. org/trade_act/ determinations.asp.

Thus, the pamphlet instructs workers to check the status of their petition through the CareerLink office or to use the internet to go to the DOL website, both of which Ms. Miller did.

As a general rule, publication in the Federal Register is deemed sufficient notice of a determination for the purpose of triggering the sixty day period. See 29 C.F.R. § 90.19(a); Former Employees of Malapai Res., 15 CIT 25, 27 (1991). However, equity requires that the court weigh the facts in a tolling case. See Volk v. Multi-Media, Inc., 516 F. Supp. 157, 161-62 (S.D. Oh. 1981). The pamphlet does not state that the Federal Register, rather than the DOL website, is the official source for checking the status of a petition. For the court to permit the Defendant to claim that Ms. Miller had constructive knowledge through one pamphlet that instructs a worker to check the DOL website, a course of action consistent with and supported by what she has told by other government officials, would be manifestly unfair.

Finally, the Defendant's oral reply[11] failed to raise persuasive countervailing factors, reasoning, or prejudice that it would suffer should the Court toll the statute in Plaintiffs' favor. A reasonably prudent person should be able to rely on the assurances and instructions of government officials in their field of expertise. When it instructs a party on a course of action the government can hardly claim that a party should know better than to follow its advice. Weighing the government's affirmative instructions against Ms. Miller's actions, the Defendant's

---

[11] The court permitted the Defendant to orally reply to Plaintiff's Opposition to Defendant's Motion to Dismiss because Defendant's Reply brief was not filed within time and Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss had not yet reached the court, via mail, by the time set for oral argument.

arguments against tolling, must fail.  Ms. Miller took great care in attempting to preserve her rights and meet the requirements as explained to her by government officials.  It would be categorically unreasonable, given Ms. Miller's heroic diligence and persistence, to hold that she should not rely on the assurances and affirmative representations of government officials.

## V.
## CONCLUSION

The Court of International Trade is a court of equity, 28 U.S.C. §1585 (1999), and it will do equity here.  The DOL should blush to have raised this argument against the working people whose interests it supposedly represents.  It is this sort of bureaucratic finger-pointing and blame avoidance which caused Ronald Reagan to say, "The nine most terrifying words in the English language are 'I'm from the government and I'm here to help.'"[12]  The principles of equity will not permit such conduct.  The Defendant's Motion is DENIED.

_____
Evan J. Wallach, Judge

Dated:         March 14, 2003
               New York, New York

---

[12] Speech in Chicago (Aug. 12, 1986).