Slip Op. 06-167

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SANDALIO T. ALANIZ, | |
| Plaintiff, | |
| v. | Before: Timothy C. Stanceu, Judge |
| UNITED STATES SECRETARY OF AGRICULTURE, | Court No. 05-00594 |
| Defendant. | |

## <u>OPINION</u>

[Granting defendant's motion to dismiss as untimely an appeal of an agency determination denying a Trade Adjustment Assistance cash benefit]

Dated: November 15, 2006

*Yormick & Associates, Co., LPA* (*Jon P. Yormick*) for plaintiff.

*Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Michael J. Dierberg*); *Jeffrey Kahn*, Office of the General Counsel, United States Department of Agriculture, of counsel, for defendant.

Stanceu, Judge:  Defendant, the United States Secretary of Agriculture ("the Secretary") moves to dismiss for lack of subject matter jurisdiction the action filed by plaintiff Sandalio T. Alaniz ("Alaniz"), arguing that dismissal is required because of Alaniz's failure to file a timely appeal of the denial by the United States Department of Agriculture ("USDA") of Alaniz's application for a cash benefit under the Trade Adjustment Assistance ("TAA") for Farmers program.  Defendant contends that plaintiff failed to seek judicial review of the denial within the sixty-day period prescribed by 19 U.S.C. § 2395(a).  Although conceding that his appeal is

untimely, plaintiff argues that the doctrine of equitable tolling permits him to maintain this action. The court concludes that equitable tolling is not warranted in these circumstances.

## I. Background

On December 28, 2004, plaintiff, a shrimper from Texas, submitted his application to the USDA for a TAA cash benefit for the 2003 Texas shrimp marketing year. Plaintiff received written notice, by letter dated May 18, 2005, that USDA was denying his application for a TAA cash benefit ("denial letter") because plaintiff "did not meet the Net Income Requirement according to the Code of Federal Regulations 7-CFR Part 1580.301." Letter from Ronald Ford, Deputy Dir., Imp. Policies and Program Div., U.S. Dep't of Agric., to Sandalio T. Alaniz (May 18, 2005) ("USDA May 18, 2005 TAA denial letter"). The letter informed plaintiff of the opportunity for judicial review of the agency determination, stating as follows:

> You may request review of our final determination by contacting the United States Court of International Trade, One Federal Plaza, New York, New York 10278-0001. The Office of the Clerk of the Court can provide instructions for requesting a judicial review. The Clerk of the Court can be reached at (212) 264-2800 or you can visit the Court's website http://www.cit.uscourts.gov (select "Trade Adjustment Assistance – Judicial Review".) Appeals to the Court must be filed within 60 days from the date of this letter. Prior to contacting the Court of International Trade, you may wish to contact your local FSA county office if you have questions about this disapproval of cash benefits.

*Id*. On October 28, 2005, more than three months after the time period for filing an appeal had expired, the Clerk of the United States Court of International Trade ("Clerk of the Court") deemed filed a letter written by plaintiff requesting an appeal of USDA's negative determination.

## II.  Discussion

The plaintiff carries the burden of establishing a basis to invoke a court's subject matter jurisdiction.  *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1376-77 (Fed. Cir. 1998).  In deciding a motion to dismiss, the court accepts as true all facts alleged in the plaintiff's pleadings and construes all reasonable inferences in the plaintiff's favor.  *See Shearin v. United States*, 992 F.2d 1195, 1195-96 (Fed. Cir. 1993); *see also Bradley v. Chiron Corp.*, 136 F.3d 1317, 1321-22 (Fed. Cir. 1998) (noting, however, that unwarranted inferences of fact do not suffice to support a claim).  In resolving a motion to dismiss for lack of subject matter jurisdiction, a court may refer to documents attached to the pleadings or documents integral to the complaint.  *Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 883-84 (Fed. Cir. 1985); *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006); *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

The Supreme Court, in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), addressed the applicability of the doctrine of equitable tolling in suits between private litigants and the government.  In considering when the doctrine can apply against the government, the *Irwin* court stated that:

> Federal courts have typically extended equitable relief only sparingly.
> We have allowed equitable tolling in situations where the claimant has
> actively pursued his judicial remedies by filing a defective pleading
> during the statutory period, or where the complainant has been induced or
> tricked by his adversary's misconduct into allowing the filing deadline to
> pass.  We have generally been much less forgiving in receiving late
> filings where the claimant failed to exercise due diligence in preserving
> his legal rights.

498 U.S. at 96 (footnotes omitted).

The Court of Appeals for the Federal Circuit has applied the two-part *Irwin* test to determine both the level of diligence and the type of governmental action necessary to invoke equitable tolling. *Frazer v. United States*, 288 F.3d 1347, 1352-54 (Fed. Cir. 2002). The Court of Appeals declined to apply equitable tolling in *Frazer*, concluding that the plaintiffs did not exercise due diligence because they neglected to file their complaint in the Court of Federal Claims within the applicable six-year statute of limitations period. *Id.* at 1353. The Court then concluded that the plaintiffs failed to allege the type of government action necessary to invoke equitable tolling. *Id.* at 1353-54. In drawing this conclusion, the Court distinguished between timely-filed but defective submissions and untimely filed submissions, explaining that governmental misconduct is essential to equitable tolling in the latter situation. *Id.* "In the event of late-filed submissions, equitable tolling is available only when the lateness is attributable, at least in part, to misleading governmental action." *Id.* "Timely filed but defective submissions differ; the defect need not necessarily be due to misleading governmental conduct." *Id.* at 1353 n.3. Because the Court did not find governmental action that reasonably could have misled the appellants, it declined to toll the statute of limitations. *Id.* at 1354-55; *see also Former Employees of Sonoco Prods. Co. v. Chao*, 372 F.3d 1291, 1299 (Fed. Cir. 2004) (citing both *Irwin* and *Frazer* for the principle that, in the case of untimely filed submissions, equitable tolling requires a showing of governmental misconduct or misleading action).

Here, plaintiff admits that he did not timely file his complaint within sixty days after notice of USDA's final determination. *See* Pl.'s Mem. of Law Responding to Def.'s Mot. to Dismiss 2 ("Pl.'s Resp."). Accordingly, equitable tolling is inapplicable unless plaintiff shows that governmental misconduct or misleading governmental action

contributed to his late filing.  *See Frazer*, 288 F.3d at 1353; *Former Employees of Sonoco Prods. Co.*, 372 F.3d at 1299.

Alaniz alleges that the denial letter was "internally inconsistent" and "confusing" in explaining the right to appeal the decision.  Pl.'s Resp. 3.  The denial letter, according to plaintiff, contains only "a brief, almost unnoticeable sentence" regarding the process and timeline for filing the judicial appeal.  *Id.*  ("The USDA first referenced its determination using no less than three (3) different descriptive words, before it referred to a *review* of its determination by this Court, but without any express reference to the period of time by which a *request* for that *review* should be made.").  Plaintiff further argues that the suggestion in the denial letter that he contact the local Farm Service Agency ("FSA") office with questions was inappropriate because FSA could not file the appeal on his behalf and because contacting FSA would only result in further delay.  *Id.* at 4.

The denial letter does not support a finding of misleading conduct on the part of the government.  Plaintiff's principal argument appears to stem from the use in the denial letter of the terms "review of our final determination" and "judicial review," followed by later use of the term "appeals" in describing the sixty-day time limit.  *See* USDA May 18, 2005 TAA denial letter.  However, the denial letter states unambiguously in the fourth paragraph that "[a]ppeals to the Court must be filed within 60 days from the date of this letter."  *Id.*  No recipient of a negative TAA determination reasonably could conclude that he was *not* required to accomplish a filing with the Court of International Trade within sixty days of the date of the denial letter, even if he did not know from the denial letter precisely what the filing would entail.  As to what was required to accomplish the filing, the denial letter also provided a telephone number and web

address as references for additional information. Were plaintiff actually confused by the use of the terms "review" and "appeal," or by any other aspect of the denial letter, plaintiff could have contacted the Clerk of the Court or consulted the court's website. Although the letter used the term "review" and also the term "appeal," it used each term correctly, and in the context of the denial letter the use of these different terms cannot reasonably be characterized as misleading. In a declaration, plaintiff's wife, Betty Alaniz, confirms that she was able to follow the directions of the denial letter by contacting the court, albeit three months too late, to inquire about her husband's application for a TAA benefit. Pl.'s Resp., Ex. 1 ¶¶ 6-7; Decl. Betty Alaniz, June 23, 2006.

Plaintiff's objection that the denial letter contained an inappropriate suggestion to contact the local FSA office is also unconvincing. Plaintiff's arguments that the FSA could not file the approval on his behalf, and that contacting the FSA would only have resulted in further delay, are irrelevant to the issue of whether the denial letter is misleading. The court finds nothing misleading about the suggestion to contact the FSA.

In short, the denial letter provided plaintiff with sufficient information of the requirement of a timely appeal and contained no misinformation. To require any more from USDA than the information that was included in the denial letter would be tantamount to "impos[ing] upon the [agency] the type of affirmative obligations found in an attorney-client relationship." *Former Employees of Sonoco Prods. Co.*, 372 F.3d at 1299 (refusing to apply the doctrine of equitable tolling and stating that the government was not required to inform plaintiff of the publication procedures of the U.S. Department of Labor or of the implications of publication for triggering the running of the limitations period).

Plaintiff also contends that the court may equitably toll the statute of limitations without a showing of wrongful conduct on the part of the government provided that the plaintiff demonstrates excusable delay. Pl.'s Resp. 2-3. Plaintiff appears to rely on the following language in *Former Employees of Quality Fabricating, Inc. v. the U.S. Sec'y of Labor*:

> The Supreme Court in *Irwin* stated that equitable tolling was generally allowed where a complainant was "induced" by his adversary's misconduct into allowing a filing deadline to pass. 498 U.S. at 95-96, 111 S. Ct. 453. However, equitable tolling does not depend on the defendant's wrongful conduct; it focuses on whether there was an "excusable delay by the plaintiff" in bringing a claim. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).

27 CIT __, __, 259 F. Supp. 2d 1282, 1285 (2003). In relying on the statement in *Quality Fabricating* that "equitable tolling does not depend on the defendant's wrongful conduct; it focuses on whether there was an 'excusable delay by the plaintiff' in bringing a claim," plaintiff overlooks the point that the Court in *Quality Fabricating* found action on the part of the government that induced the late filing.

*Quality Fabricating* involved a group of former employees that filed a petition with the Department of Labor ("Labor") for North American Free Trade Transitional Adjustment Assistance. *Id.* at 1283. One of the plaintiffs in the case, Margaret Miller, diligently monitored the petition and was instructed by Labor employees that she should check for the petition status on the Labor's website. *Id.* When Labor's final determination on the petition was complete, however, Labor published the status determination in the Federal Register and did not post it on the agency website until two months later. *Id.* at 1284. As a result, Ms. Miller missed the deadline to appeal the negative agency determination despite contacting Labor's regional office, regularly checking the status of the petition on Labor's website, visiting the Department's Trade

Adjustment Representative, and contacting her congressional representatives as to the status of the petition. *Id.* at 1283-84. The Court in *Quality Fabricating* concluded that the case presented equitable circumstances meriting the tolling of the statute of limitations. *Id.* at 1286-87. The Court found that the "uncontroverted facts" in the case showed that, despite Ms. Miller's diligent attempts to follow her case, the government had induced her into allowing the filing deadline to pass. *Id.* Because the plaintiff had satisfied the two-part test of *Irwin*–showing both misleading action on the part of the government and due diligence in preserving her legal rights–the Court tolled the statute and permitted the plaintiff to appeal the agency finding. *Id.* at 1288.

Plaintiff next argues that he, through both his own efforts and the efforts of his wife, exercised due diligence in pursuing his TAA claim. Plaintiff, however, has not alluded to specific evidence of due diligence. Whether a plaintiff has acted with due diligence is a fact-specific inquiry that is guided by reference to the hypothetical reasonable person. *See Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993). For equitable tolling to apply, the plaintiff must remain ignorant of necessary information or requirements despite exercising diligence. *See Haekal v. Refco, Inc.*, 198 F.3d 37, 43 (2d Cir. 1999). The doctrine is not to be applied "to what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96.

Plaintiff contends in his October 26, 2005 letter to the Clerk of the Court that he mailed a timely appeal but that "for some reason" the court did not receive his paperwork and suggests that the paperwork was "lost or misplaced" by the post office. Pl.'s Letter of Appeal ("Pl.'s Letter"). Plaintiff offers no evidence and pleads no specific facts to support the statement in his letter that, although he attempted to file his appeal, his paperwork was lost or misplaced by the post office. *See, e.g. Lady Kelly, Inc. v. U. S. Sec'y of Agric.*, 30 CIT __, __, 427 F. Supp. 2d

1171, 1173-77 (2006) (refusing to toll the statute of limitations where USDA never received plaintiff's application for a TAA benefit, but plaintiff asserted that it had timely mailed a completed application and submitted "evidence in the form of a photocopied envelope, with a handwritten note documenting the mailing date of the alleged . . . application."). The court may not assume diligence based on unwarranted inferences of fact. *See Bradley*, 136 F.3d at 1321-22.

Plaintiff also contends that his wife, Betty Alaniz, attempted to file a timely appeal but was unsuccessful because she was unable to obtain the necessary assistance from plaintiff's company, Zimco Marine, or from the local FSA office. Pl.'s Resp. 5-6. According to her declaration, Ms. Alaniz made several efforts to file an appeal within the statutory period. She explains that upon receiving the denial letter, she failed to contact FSA with questions about the denial because she "knew that they would not be able to assist [her]." Pl.'s Resp., Ex. 1 ¶ 2. She avers that she spoke with her husband about the proper course of action while he was at sea, approximately three weeks after receiving the denial letter.[1] *Id.* at Ex. 1 ¶ 3. She further avers that upon her husband's suggestion, she provided a representative at his company with the letter at some indefinite point in time, only to be informed one month later that the representative had quit her job and that the representative would therefore not provide Ms. Alaniz with assistance. *Id.* at Ex. 1 ¶¶ 3-5. Ms. Alaniz does not indicate in her declaration what additional efforts she made to obtain the company's assistance.

---

[1] Although the plaintiff in this case was out at sea when the TAA denial letter arrived, his wife's declaration makes clear that she was able to contact him to inform him of USDA's decision. Accordingly, the court need not address, in this decision, the situation of a fisherman who is unreachable at sea and therefore cannot receive notice from the USDA in a manner that will enable him to file a timely appeal of the denial of his TAA benefits.

The efforts of Ms. Alaniz are comparable to, and may even fall short of, those found inadequate in *Leonard v. Gober*, in which the Court of Appeals for the Federal Circuit affirmed the refusal of the United States Court of Appeals for Veterans Claims to equitably toll the statute of limitations for a plaintiff appealing a negative decision by the Board of Veterans Appeals. 223 F.3d 1374, 1375 (Fed. Cir. 2000) . The Court of Appeals for Veterans Claims refused to toll the statute of limitations even though the appeal was only one day late and despite plaintiff's assertion that the late filing was "beyond her control" because she "asked the American Legion to help her with her claim, but [] they did not respond to her request for two months and did not tell her that they would not help her until twelve days before the statutory deadline date." *Id.* The efforts of plaintiff and his wife do not rise to the level of diligence that could serve as a partial justification for the application of the doctrine of equitable tolling.

### III. Conclusion

Equitable relief is applied only in rare circumstances and cannot be extended to cover the circumstances present in this case. Because of the absence of misleading acts or misconduct by the government contributing to the untimely filing, and the lack of due diligence by the plaintiff, the court concludes that the doctrine of equitable tolling is inapplicable. The denial letter was not misleading and was sufficient to put plaintiff on notice that he must appeal the agency's decision within sixty days of the date of the letter. Plaintiff cannot avoid the consequence of the sixty-day limitation based on allegations that both he and his wife attempted diligently, albeit unsuccessfully, to appeal the decision, because his allegations are unsupported by the pleading

and the evidence.  Judgment dismissing this action for lack of subject matter jurisdiction will be

entered accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated:  November 15, 2006
          New York, New York