**Slip Op. 03-62**

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                :

FORMER EMPLOYEES OF SONOCO      :
PRODUCTS CO.,                         :
                                :
        Plaintiffs,           :
                                :    Court No. 02-00579
        v.                  :
                                :
UNITED STATES SECRETARY OF LABOR,    :
                                :
        Defendant.           :
                                :
_____:

      Defendant, the United States Secretary of Labor ("Labor"), moves to dismiss the action filed by Dorothy Fail ("Ms. Fail"), on behalf of the Former Employees of Sonoco Products Co. ("plaintiffs"), pursuant to USCIT R. 12(b)(1), for lack of subject matter jurisdiction. Plaintiffs commenced this action to appeal the negative determination issued by Labor, and published in the Federal Register on May 17, 2002, regarding plaintiffs' eligibility to apply for transitional adjustment assistance under the North American Free Trade Agreement-Transitional Adjustment Assistance Implementation Act ("NAFTA-TAA"). <u>See</u> <u>Notice of Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance</u> ("<u>Negative Determination</u>"), 67 Fed. Reg. 35,140 (May 17, 2002). Labor contends that plaintiffs failed to seek judicial review within the sixty-day period prescribed by 19 U.S.C. § 2395(a) (2000) and 28 U.S.C. § 2636(d) (2000), which began to run on the date that the <u>Negative Determination</u> was published in the Federal Register and that, accordingly, this case should be dismissed.

      **Held**: For the reasons stated below, Labor's motion to dismiss for lack of subject matter jurisdiction is granted.

[Labor's motion is granted. Case dismissed.]

                                      June 9, 2003

      <u>Baker & McKenzie</u> (<u>Lynn S. Preece</u> and <u>Bart M. McMillan</u>) for Dorothy Fail and the Former Employees of Sonoco Products Co., plaintiffs.

Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Lucius B. Lau, Assistant Director, and Victoria L. Strohmeyer) for the United States Secretary of Labor, defendant.

**MEMORANDUM OPINION**

**TSOUCALAS, Senior Judge**: Defendant, the United States Secretary of Labor ("Labor"), moves to dismiss the action filed by Dorothy Fail ("Ms. Fail"),[1] on behalf of the Former Employees of Sonoco Products Co. ("plaintiffs"), pursuant to USCIT R. 12(b)(1), for lack of subject matter jurisdiction. Plaintiffs commenced this action to appeal the negative determination issued by Labor, and published in the Federal Register on May 17, 2002, regarding plaintiffs' eligibility to apply for transitional adjustment assistance under the North American Free Trade Agreement-Transitional Adjustment Assistance Implementation Act ("NAFTA-TAA"). See Notice of Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance ("Negative Determination"), 67 Fed. Reg. 35,140 (May 17, 2002). Labor contends that plaintiffs failed to seek judicial

---

[1] Dorothy Fail filed this action on behalf of the Former Employees of Sonoco Products Co., pro se, on August 26, 2002. The Court, on February 25, 2003, granted plaintiffs' "Motion For Leave to Proceed In Forma Pauperis," and appointed Lynn Preece of Baker & McKenzie "to serve without fee and to appear generally on behalf of [the] plaintiff[s]." Order Granting Leave to Proceed In Forma Pauperis.

review within the sixty-day period prescribed by 19 U.S.C. § 2395(a) (2000)[2] and 28 U.S.C. § 2636(d) (2000), which began to run on the date that the Negative Determination was published in the Federal Register and that, accordingly, this case should be dismissed.


**JURISDICTION**

The Court has jurisdiction to resolve this matter pursuant to 19 U.S.C. § 2395(c) (2000) and 28 U.S.C. §§ 1581(d), 2636(d) (2000).


**STANDARD OF REVIEW**

The party seeking to invoke this Court's jurisdiction bears the burden of proving the requisite jurisdictional facts. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1935). In this action, the burden of establishing jurisdiction falls on the plaintiffs. The Court will accept as true all facts alleged in the plaintiffs' pleadings. See Corrpro Cos., Inc. v. United States, No. 01-00745, slip op. 03-59 at 4 (CIT June 4, 2003) (not yet published in Federal Supplement or CIT reporters). "A party,

---

[2] Section 2395(a) permits "[a] worker[ or] group of workers . . . aggrieved by a final determination of the Secretary of Labor[,] . . . within sixty days after notice of such determination [to] commence a civil action in the United States Court of International Trade for review of such determination." 19 U.S.C. § 2395(a) (emphasis added).

or the court <u>sua sponte</u>, may address a challenge to subject matter jurisdiction at any time, even on appeal." <u>Booth v. United States</u>, 990 F.2d 617, 620 (Fed. Cir. 1993) (citations omitted and emphasis in original).

It is well established that the United States, as sovereign, is immune from suit, unless it consents to be sued. <u>See</u> <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)). A waiver of such sovereign immunity "must be unequivocally expressed" by statute and will be "strictly construed . . . in favor of the sovereign." <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996) (citations omitted). The Court will construe ambiguities concerning the statutory language regarding the waiver of sovereign immunity in favor of immunity. <u>See</u> <u>United States v. Williams</u>, 514 U.S. 527, 531 (1995) (citing <u>United States v. Nordic Vill., Inc.</u>, 503 U.S. 30, 33 (1992)).

## DISCUSSION

### I. Background

On February 26, 2002, Sonoco Products Company ("Sonoco"), located in Lincolnton, North Carolina, filed a NAFTA-TAA petition on behalf of seventy-four affected workers for trade adjustment assistance under Section 221(a) of the Trade Act of 1974, as amended, 19 U.S.C. § 2271(a) (2000). <u>See</u> Admin. R. Pub. File

("Admin. R.") at 2-3; Investigations Regarding Certifications of Eligibility to Apply for NAFTA Transitional Adjustment Assistance, 67 Fed. Reg. 16,447, 16,448 (Apr. 5, 2002). On May 3, 2002, Labor made a negative determination regarding plaintiffs' eligibility to apply for NAFTA transitional adjustment assistance and notice of such determination was published in the Federal Register on May 17, 2002. See Admin. R. at 21-26; Negative Determination, 67 Fed. Reg. at 35,142. On August 26, 2002, the Clerk of the Court of the United States Court of International Trade received and deemed filed a letter written by Ms. Fail, on behalf of the Former Employees of Sonoco, requesting an appeal of Labor's Negative Determination. See Def.'s Mem. Supp. Mot. Dismiss. ("Def.'s Mem.") at Exs. A & C. This appeal was filed one hundred and one days after Labor's decision was published in the Federal Register. Section 2395(a) of Title 19 of the United States Code requires that an action challenging a determination made by Labor be commenced within sixty days after notice of such determination is rendered. See 19 U.S.C. § 2395(a) (emphasis added). The sixty-day period begins to run when the final determination is published in the Federal Register. See 29 C.F.R. § 90.19(a) (2002); Kelly v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (stating that "where the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not . . . take a liberal view of that jurisdictional requirement and

set a different rule for <u>pro se</u> litigants").


## II. Contentions of the Parties

Although the procedural facts are uncontested, plaintiffs argue that the Court should consider additional relevant facts and apply the doctrine of equitable tolling.  <u>See</u> Pls.' Mem. Resp. Def.'s Mot. Dismiss ("Pls.' Resp.") at 1.  Such additional facts include the following:

> 1.  In January of 2002[,]  Sonoco management announce[d] in a meeting with employees that it will close its manufacturing plant in Lincolnton, North Carolina.

> 2.  In January or February 2002, Sonoco, without informing the affected workers of any details, explains to the workers that it intends to file a NAFTA-TAA petition. . . . [Subsequently, Sonoco files such a petition.] According to Ms. Fail, the workers are never informed by Sonoco (or any other person) that the TAA petition was filed. . . .

>      . . . .

> [3.] During spring and summer of 2002, certain of the displaced Sonoco workers, including Dorothy Fail, understand that Sonoco has filed a petition on their behalf concerning special unemployment and retraining benefits.  Dorothy Fail makes regular visits to the local state employment office in order to, among other things, demonstrate that she is still actively looking for work (in order to continue receiving ordinary state unemployment benefits) and to explore job opportunities. While she is at this office, Ms. Fail regularly inquires whether there is any information concerning the petition filed by Sonoco.  Ms. Fail also regularly makes inquiries of other displaced Sonoco workers.  Ms. Fail's efforts to keep informed of any developments result in no information.

[4.] In August of 2002, Dorothy Fail, while at the local state employment office, is told that the office has received news that the petition filed by Sonoco was denied by Labor.

[5.] Dorothy Fail, along with certain other former employees of Sonoco, immediately begin to research their rights and obligations. Upon discovering that a negative determination can be appealed to this Court, three former Sonoco employees, [including] Dorothy Fail . . . complete a TAA petition, and Dorothy Fail signs and sends with the petition a cover letter to this Court in which she requests "appeal seeking judicial review of [Labor's] [N]egative [D]etermination . . . ." The letter [to the Court] is sent within one or two weeks of Dorothy Fail being informed that the NAFTA-TAA petition for the former Sonoco employees has been denied.

Pls.' Resp. at 2-4 (emphasis added). According to plaintiffs, the Court should exercise its ability "to judiciously and fairly employ the doctrine of equitable tolling" in order to save this action from dismissal due to untimeliness. Id. at 5.

Plaintiffs analogize the facts of this case to those established in Former Employees of Quality Fabrication, Inc. v. United States Sec'y of Labor, No. 02-00522, 2003 Ct. Int'l Trade LEXIS 27, at *2-*6 (CIT Mar. 14, 2003), and argue that equitable tolling is appropriate in this case since "no worker or worker representative was aware of any of the details concerning the petition" filed on their behalf by Sonoco. Pls.' Resp. at 6-7. Specifically, plaintiffs contend that Sonoco never provided them with notice regarding Labor's Negative Determination, and that Ms. Fail relied on inadequate information from local, state employment

officials.  See id. at 7.  According to plaintiffs, these officials, who are essentially "partners with Labor in administering the NAFTA-TAA program[,] never explained the publication rule to Dorothy Fail, despite her repeated requests for information concerning the petition."  Id.  Instead, Ms. Fail maintains that although state officials repeatedly told her that they would inform her of Labor's decision regarding her petition "during one of her regular visits to the employment office," she was actually notified eighty days "after publication of the decision in the Federal Register."  Id.  "[O]nce Ms. Fail learned of the negative determination, she and certain other former Sonoco workers immediately began their own research to understand and exercise their right to judicial review of Labor's decision."  Id. Since the letter initiating this appeal was filed with the Court within  sixty days from the date Ms. Fail deems she received notice of Labor's Negative Determination, plaintiffs argue that they exercised the necessary due diligence required to apply the doctrine of equitable tolling.  See id. at 7-8.

Labor contends that plaintiffs have not met their burden of presenting evidence or arguments that would warrant equitable relief.  See Def.'s Reply Pls.' Opp'n Mot. Dismiss ("Def.'s Reply") at 1.  Although Labor recognizes that equitable tolling "will afford a late-filing party an opportunity to file out of time[,]"

it is applied "where 'the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" Id. at 2 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Since neither of these conditions exist in the case at bar, Labor argues that plaintiffs did not meet the equitable tolling standard. See Def.'s Reply at 3-4. Moreover, Labor contends that plaintiffs did not exercise due diligence in requesting the appropriate information regarding their petition and that, accordingly, the Court should deny jurisdiction. See id. at 6-7.

## III. Analysis

The Court in Quality Fabrication, 2003 Ct. Int'l Trade LEXIS 27, at *10 n.8, explained that a plaintiff must "claim equitable considerations [and] exercise due diligence in bringing their claim" in order to preserve their right to have a court review Labor determinations. Applying this two-part test to the facts of the case at bar, the Court finds that plaintiffs failed to meet all the requirements demanded from plaintiffs who pray for equitable remedies. See Irwin, 498 U.S. at 96 (stating that "[f]ederal courts have typically extended equitable relief only sparingly . . . [and that the Supreme Court] ha[s] generally been much less

forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").

Notwithstanding plaintiffs' arguments that equitable remedies should be extended in the case at bar in accordance with the test articulated by Quality Fabrication, the Court finds that the efforts exhibited by the Sonoco plaintiffs to gather information about their NAFTA-TAA petition fails to approach the level of diligence put forth by the plaintiffs in Quality Fabrication, or that of a hypothetical reasonable person who was notified that his company would file a NAFTA-TAA petition on his behalf. See Former Employees of Siemens Info. Communication Networks, Inc. v. Herman, Sec'y, United States Dep't of Labor, 24 CIT 1201, 1208, 120 F. Supp. 2d 1107, 1114 (2000) (stating that "[w]hether a plaintiff has acted with due diligence is a fact-specific inquiry, guided by reference to the hypothetical reasonable person") (citing Dodds v. Cigna Sec., Inc., 12 F.3d 346, 350 (2d Cir. 1993); Valverde v. Stinson, 224 F.3d 129, 134 & n.4 (2d Cir. 2000)).

In Quality Fabrication, the plaintiffs mailed their NAFTA-TAA petition to Labor, while a former employee of Quality, Margaret Miller continuously checked the DOL website from the time of filing. See Quality Fabrication, 2003 Ct. Int'l Trade LEXIS 27, at *2. Miller did so because she was affirmatively instructed by government officials that the DOL website was the appropriate

source of information. See id. at *13. Miller subsequently emailed her regional Labor office to inquire about her petition. See id. at *2. Two days later, Miller received an email response from Labor stating "'these things take time.'" Id. Miller, however, pursued this action pro-actively in that she contacted: (1) two local Representatives from Congress; (2) the State of Pennsylvania Department of Labor Trade Adjustment Representative; (3) a state legislator; and (4) Labor's NAFTA-TAA office located in Washington, D.C. See id. at *2-*4. In addition to these extensive efforts, Miller repeatedly contacted her regional Labor office for a period of four months, and received no response. See id. at *4. In the case at bar, the plaintiffs' efforts were limited to Ms. Fail's infrequent inquiries with her local employment office and with other displaced Sonoco workers. See Pls.' Resp. at 3. The purpose of Ms. Fail's three visits to the state employment office, within the relevant time frame, was never strictly to request information about the Sonoco petition.[3] Therefore, the Court finds that Ms. Fail's inquiries as to the status of the Sonoco petition only with the local state employment office do not meet the due diligence requirement imposed on plaintiffs who seek to argue equitable remedies. Compare Siemens, 24 CIT at 1202-05, 120 F.

---

[3] The primary reason Ms. Fail visited the local Labor office on May 29, 2002, July 1, 2002, and July 16, 2002, was to search for further employment. See Def.'s Reply at Ex. 1; see also Pls.' Resp. at 3 ¶ 5.

Supp. 2d at 1109-11 (holding that plaintiffs' allegations of inducement and trickery were without merit and rejecting arguments of equitable tolling), with Quality Fabrication, 2003 Ct. Int'l Trade LEXIS 27 at *2-*5 (holding that the plaintiff's extensive efforts to inquire as to the status of the relevant NAFTA-TAA petition were sufficient to satisfy the due diligence standard). Plaintiffs, acting in a reasonably prudent manner, should have requested information from additional sources, such as Labor's NAFTA-TAA office, or from Sonoco who filed the NAFTA-TAA petition on their behalf, instead of strictly depending on casual inquiries as to the status of the Sonoco petition with the local employment office. A reasonable plaintiff acting with due diligence would have investigated additional sources of information. See Siemens, 24 CIT at 1208, 120 F. Supp. 2d at 1114 (stating that "[w]hether a plaintiff has acted with due diligence is a fact-specific inquiry, guided by reference to the hypothetical reasonable person") (citations omitted).

Second, and more importantly, there was no misconduct by any government official that can be construed as having induced or tricked Ms. Fail or any other Sonoco employee into missing the sixty-day deadline prescribed by 19 U.S.C. § 2395(a). Although the plaintiffs do not affirmatively state that Labor, in any way, induced or tricked them into missing the deadline, they do suggest

that Ms. Fail had to rely on inadequate information provided by officials at the local state employment office who never clarified the publication rule.  See Pls.' Resp. at 7.  However, the fact that plaintiffs relied on the wrong source of information, independent of any affirmative representations from the government, does not shift blame to the government or prove that the plaintiffs were tricked or induced into missing the filing deadline.  Unlike the plaintiffs in Quality Fabrication, who sought information from a variety of government sources, and received specific assurances from those sources that Labor's website would provide the appropriate notification instead of the Federal Register, the Sonoco plaintiffs simply failed to diligently inquire as to their NAFTA-TAA petition.

### CONCLUSION

After weighing the facts of this case, the Court finds that plaintiffs failed to act with due diligence.  The government's actions cannot be construed as inducing or tricking Ms. Fail or any other Sonoco employee into missing the relevant sixty-day deadline.

The Court will not apply the doctrine of equitable tolling in a situation where the plaintiffs simply did not try hard enough to access the information necessary to file a timely appeal.  Judgment will be entered accordingly.


_____
NICHOLAS TSOUCALAS
SENIOR JUDGE



Dated:    June 9, 2003
          New York, New York