Slip Op. 04-78

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| Heartland By-Products, Inc., | : | |
| Plaintiff, | : | |
| | : | **Court No. 03-00307** |
| v. | : | **Before: Barzilay, Judge** |
| | : | |
| United States of America, | : | |
| Defendant, | : | |
| | : | |

[Defendant's Motion to Dismiss granted.]

Decided: July 1, 2004

Serko & Simon (David Serko, Daniel J. Gluck) for Plaintiff.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney-in-Charge, International Trade Field Office; Commercial Litigation Branch, Civil Division, Department of Justice (Aimee Lee); Karen P. Binder, Assistant Chief Counsel, International Trade Litigation, Bureau of Customs and Border Protection, (Yelena Slepak) and Allan Martin, Associate Chief Counsel, Bureau of Customs and Border Protection, (Ellen Daly), of counsel, for Defendant.

## OPINION

**BARZILAY, JUDGE:**

This case involves an ongoing dispute between Heartland By-Products, Inc., a Canadian sugar refiner and importer, and the Bureau of Customs and Border Protection ("Customs" or "the government"). The original substantive issue, which involved Heartland's challenge to a revocation ruling by Customs, has already been decided and settled. The subject of the instant litigation is the proper disposition of entries imported by Heartland in reliance on this court's favorable decision in *Heartland By-Prods., Inc. v. United States*, 23 CIT 754, 74 F. Supp. 2d

1324 (1999) ("*Heartland I*"), during the time between the issuance of that opinion and the issuance of the Federal Circuit's mandate reversing it, *Heartland By-Prods., Inc. v. United States*, 264 F.3d 1126 (Fed. Cir. 2001) ("*Heartland II*"). At this stage, however, the sole issue before the court is its jurisdiction over the dispute, raised in the government's motion to dismiss. For the reasons stated herein, the government's motion is granted and the case is dismissed for lack of subject matter jurisdiction.

I.      **Background**

In *Heartland I*, Heartland, seeking to import sugar syrup from Canada, challenged a Customs revocation ruling that imposed a significantly higher duty rate than had originally been established in a previous ruling. 74 F. Supp. 2d 1324. In its initial inquiry, Heartland had sought a pre-importation ruling regarding the duty rate applicable to its sugar syrup, and Customs had ruled that a non-Tariff Rate Quota ("TRQ") rate of 0.35¢/liter applied ("the non-TRQ rate"). In reliance upon this ruling, Heartland began to import the sugar syrup. Afterward, in a Revocation of Ruling Letter, Customs indicated that the duty rate would instead be 35.74¢/kg ("the TRQ rate") – an effective duty rate approximately 10,000 percent higher than the non-TRQ rate.

Obtaining jurisdiction under section 1581(h) pre-importation review, Heartland challenged the Revocation Ruling before this court. This court held in favor of Heartland, reversing Customs' imposition of the TRQ rate. *Heartland I*, 74 F. Supp. 2d 1324. Relying on this decision, Heartland continued to import large quantities of the sugar syrup. Customs appealed this court's decision, but did not seek an order staying it pending the appeal. On August 30, 2001, the Court of Appeals for the Federal Circuit held in favor of the government, reversing this court's decision and re-implementing the Revocation Ruling and the TRQ rate.

*Heartland II*, 264 F.3d 1126.  On August 31, 2001, Heartland stopped importing the sugar syrup.

All along, as Heartland was importing syrup, Customs had been liquidating Heartland's entries, some at the pre-revocation non-TRQ rate and some at the TRQ rate.  After the Federal Circuit decision, Customs then began re-liquidating earlier entries at the TRQ rate.  Heartland, in a motion for entry of judgment, challenged Customs' liquidation of entries made after this court's *Heartland I* decision and before the Federal Circuit's reversal, arguing that because this court's decision was not stayed, the pre-revocation rate applied to merchandise entered during this interval.  The government challenged this court's authority to hear Heartland's claims, arguing that the court no longer had jurisdiction under section 1581(h) because all of Heartland's entries at issue had already been entered, and were thus now considered "actual" entries.

In an extensive opinion this court rejected the government's contention, stating that it retained section 1581(h) jurisdiction over Heartland's entries.  Any other interpretation of the statutory provision, this court indicated, would be contrary to the clear intent of the Customs Courts Act of 1980 ("1980 Act") and would in effect render this court's decisions made pursuant to section 1581(h) unconstitutional as advisory opinions.  *See Heartland By-Prods., Inc. v. United States*, 26 C.I.T. __, 223 F. Supp. 2d 1317, 1333-1334 (2002) ("*Heartland III*").  This court declined to exercise its jurisdiction, however, in order to allow factual ambiguities to become clarified and because the possibility of a better alternative existed – namely, establishing jurisdiction under 28 U.S.C. § 1581(a).  *Id*. at 1335.  As section 1581(a) requires a valid protest be denied as a prerequisite to obtaining jurisdiction, one of the alternative methods of establishing jurisdiction would have been an agreement between the parties that Heartland would protest the liquidation of a representative entry or entries, and that Customs would then deny the

protest(s) and suspend liquidation of Heartland's other entries pending the outcome of Heartland's challenge.[1]  After unsuccessful attempts to come to such an agreement, Heartland filed the instant, entirely new, action seeking relief consistent with the court's opinion in *Heartland III* and claiming jurisdiction under section 1581(h), section 1581(i), or alternatively, under the supplemental jurisdiction statute for the federal district courts, 28 U.S.C. § 1367(a). The government argues that the court does not have jurisdiction to hear this case under any of Heartland's pleaded bases, and that the only available avenue would be jurisdiction pursuant to section 1581(a).

## II.     28 U.S.C. § 1581(h) Jurisdiction

As stated above, the court found that it retained its original section 1581(h) jurisdiction over the entries at issue in *Heartland III*.[2]  The court, however, declined to exercise its jurisdiction, denying Heartland's motion and dismissing the case.  *Heartland III*, 223 F. Supp. 2d at 1335-1336.  As a result, unfortunately for Heartland, the court formally relinquished jurisdiction over that case.  *See, e.g.*, *Lazorko v. Pa. Hosp.*, 237 F.3d 242 (3d Cir. 2000), *cert. denied*, 533 U.S. 930, 150 L. Ed. 2d 719, 121 S. Ct. 2552 (2001) (courts relinquish jurisdiction when dismissing all claims before them).  While involving the same parties, entries and underlying dispute as *Heartland III*, the present action is an entirely separate, new cause of action.  Therefore, Heartland carries the burden of re-establishing the jurisdiction of this court to

---

[1] At oral argument, government counsel suggested to the court that Heartland could establish section 1581(a) jurisdiction by protesting one entry, after which Customs "would likely" suspend action concerning Heartland's other entries.  The court then urged the parties to seek a mutually agreeable resolution to the issues in the present case.  *Hr'g Tr.*, 38-40, *Heartland By-Prods., Inc. v. United States*, Ct. No. 99-09-00590 (Jan. 23, 2002).

[2] The same entries are the subject of this action as well.

survive the government's motion to dismiss. *See Former Employees of Sonoco Prods. Co. v. United States Sec'y of Labor*, 27 CIT __, 273 F. Supp. 2d 1336, 1338 (2003), *aff'd*, 2004 U.S. App. LEXIS 12071 (Fed. Cir. 2004) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1935)).

During its deliberations, the court requested the parties provide supplemental briefing on the applicability of the doctrines of law of the case and issue preclusion (collateral estoppel) to the present action, of the court's prior statement in *Heartland III*:

> [t]he court finds that 28 U.S.C. § 1581(h) does confer subject matter jurisdiction on this court to consider issues applicable to actual entries, which were the contemplated entries considered when the court first took jurisdiction.

223 F. Supp. 2d at 1320. After careful review, the court finds that neither doctrine is applicable to the facts of the present case, and therefore the government is free to raise the issue of this court's jurisdiction over the present case.

The principle of law of the case indicates that the laws applied in decisions at earlier stages of a litigation become the governing principles at later stages of that same litigation. *Cabot Corp. v. United States*, 12 CIT 664, 670 n.5, 694 F. Supp. 949, 954 n.5 (1998). The instant case is not the same litigation as *Heartland III*, which was dismissed, and therefore, the legal principles established in *Heartland III* cannot be applied here. The doctrine of issue preclusion, on the other hand, applies to two different actions, but only when (1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the

first action.  *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003), *cert. denied*, 157 L. Ed. 2d 693, 124 S. Ct. 805 (2003).  Although the court stated in *Heartland III* that it "finds" that section 1581(h) did confer subject matter jurisdiction, it held that the exercise of such jurisdiction would have been inappropriate at that time considering the factual circumstances.  Therefore, the government is not collaterally estopped from challenging the jurisdiction of this court to adjudicate Heartland's claim in the instant action.

Having found that it no longer retains jurisdiction pursuant to section 1581(h), as derived from its original exercise of such jurisdiction in *Heartland I*, the court now turns its attention to the issue of whether a new basis exists.  Section 1581(h) indicates that:

> [t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, *prior to the importation of the goods involved*, a ruling by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty . . . but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

28 U.S.C. § 1581(h) (emphasis added).  Currently, all of Heartland's entries have been imported, and as the Federal Circuit has settled the long-term outlook of Heartland's sugar syrup importation business, Heartland has no prospective entries.  Thus, in this new cause of action, there are no entries that can serve as a basis for maintaining section 1581(h) jurisdiction.

Heartland argues that requiring importers to comply with section 1581(a) and 28 U.S.C. § 2637(a) (exhaustion of administrative remedies), despite having entered the goods in reliance on this court's section 1581(h) judgment in *Heartland I*, would frustrate the Congressional intent underlying section 1581(h).  This argument, although attractive, is not compatible with the

procedural posture of the case.  Pursuant to jurisdiction under section 1581(h), this court in

*Heartland I* heard Heartland's claims regarding Customs' treatment of its entries and initially

decided the law in Heartland's favor.  Because the government did not seek to stay this court's

decision pending appeal, it remained in force until the issuance of the Federal Circuit's mandate,

reversing the opinion of this court.  Thus, if Heartland seeks to challenge Customs' allegedly

illegal liquidation or reliquidation of entries at the higher TRQ rate after this court's decision and

before the Federal Circuit's mandate, it must do so using section 1581(a), the traditional

jurisdictional route.  Heartland submits, and the court agrees, that a single entry subject to a

denied protest by Customs would be representative of all the "contemplated entries" that

Heartland seeks to adjudicate.  *See Pl.'s Mem. of Law in Resp. to Def.'s Mot. to Dismiss*

("Heartland Brief") at 17.  It is regrettable that such a procedure for establishing jurisdiction

could not be worked out by the parties, particularly after the government's seeming acquiescence

at oral argument.  *See supra* note 1.  Nevertheless, because the court denied Heartland's motion

for entry of judgment and dismissed its action in *Heartland III*, and because the entries at issue in

the present litigation are not prospective entries, Heartland cannot rely on section 1581(h) as a

jurisdictional basis for the relief it seeks.

## III.    28 U.S.C. § 1581(i) Jurisdiction

According to the well-settled law of this court, jurisdiction under 28 U.S.C. § 1581(i)[3]

---

[3] 28 U.S.C. § 1581(i) states:
> In addition to the jurisdiction conferred upon the Court of International Trade by
> subsections (a)-(h) of this section and subject to the exception set forth in
> subsection (j) of this section, the Court of International Trade shall have exclusive
> jurisdiction of any civil action commenced against the United States, its agencies,
> or its officers, that arises out of any law of the United States providing for--

may not be invoked when jurisdiction under another subsection of section 1581 is, or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate. *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied*, 484 U.S. 1041, 98 L. Ed. 2d 859, 108 S. Ct. 773 (1988). The fact that Heartland would be required to pay duties on a protested entry does not alone satisfy the requirement that a remedy under section 1581(a) would be manifestly inadequate. *See Am. Air Parcel Forwarding Co.*, 718 F.2d 1546, 1551 (Fed. Cir. 1983), *cert. denied*, 466 U.S. 937, 80 L. Ed. 2d 458, 104 S. Ct. 1909 (1984); *J.C. Penny Co. v. U.S. Treasury Dept.*, 439 F.2d 63, 68 (2d Cir. 1971), *cert. denied*, 404 U.S. 869, 30 L. Ed. 2d 113, 92 S. Ct. 60 (1971) ("Plaintiffs' allegations of financial impossibility, even if accepted as true, do not place them within the 'adequate remedy' exception. The dispositive consideration in determining whether plaintiffs have an adequate remedy is the nature of the barrier and not its financial height. Any financial barrier is inherent in the system established by Congress, and must have been recognized by Congress. . ."). Heartland claims that forcing it to satisfy the government's $10 million security demand and to deposit the additional $26 million in

(1) revenue from imports or tonnage;
(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
(4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the North American Free Trade Agreement or the United States-Canada Free-Trade Agreement and section 516A(g) of the Tariff Act of 1930.

duties would deprive it of the ability to adjudicate its rights.  This claim alone, however, is insufficient to establish jurisdiction under section 1581(i).  Heartland has made no factual showing of financial inability to pay, other than referring to the duties as "ruinous," or that paying the duties, for example, would force it into bankruptcy.  Thus, on the basis of the information provided to the court, Heartland cannot obtain jurisdiction under section 1581(i).

Furthermore, Heartland's argument that requiring it to pay duties as a condition precedent to invoking jurisdiction under section 1581(a), as required by section 2637(a), would frustrate its right to rely on this court's section 1581(h) judgment is unpersuasive.  Heartland had the option to pay the duties owed on a single denied protest and, if required to, seek an injunction against the liquidation of its other entries.  Treating the single entry as a test case, Heartland could have sought clarification of its rights under this court's section 1581(h) judgment.  Heartland did not do so.[4]  Therefore, because the remedies provided under section 1581(a) have not been shown to be manifestly inadequate, Heartland is precluded from relying on section 1581(i) as a basis for jurisdiction.

## IV.    28 U.S.C. § 1367(a) Supplemental Jurisdiction

Heartland also pleads jurisdiction pursuant to 28 U.S.C. § 1367(a), which allows for supplemental jurisdiction in certain instances.  Heartland contends that determination of the effective date of the reversal of the original classification ruling is so related to its original action

---

[4] It is not entirely clear to the court why Heartland did not.  The parties disagree as to why their discussions did not lead to a mutually agreed upon method for Heartland to bring its substantive claim before the court through the denied protest/filed summons procedure under 28 U.S.C. § 1581(a).  Clearly there were extensive oral and written discussions.  The court regrets that they were not successful.  Nevertheless, the jurisdictional prerequisites are clear and do not allow the court to assume jurisdiction over this case without their having been met.

that it forms part of the same case or controversy as the present action. Therefore, Heartland

seems to argue, this court may extend its jurisdiction over the present claim. Section 1367(a)

states that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise
> by Federal Statute, in any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental jurisdiction over all other
> claims that are so related to claims in the action within such original jurisdiction
> that they form part of the same case or controversy under Article III of the United
> States Constitution. . .

28 U.S.C. § 1367(a). This argument is inapposite. Even if section 1367 does apply to the Court

of International Trade, there exists no statutory basis for the assertion of supplemental

jurisdiction in this court. Furthermore, if there were, Heartland's analogy fails since exercising

supplemental jurisdiction over a new claim would require an action pending before the court over

which it presently has an independent basis for jurisdiction. In the instant case, Heartland's

previous claim was dismissed, and there is no pending action before the court to which

Heartland's present complaint relates. Therefore, this court cannot take jurisdiction over

Heartland's complaint under section 1367(a).

## V.    Conclusion

Because Heartland has failed to establish this court's jurisdiction under any of its pleaded

bases, the government's motion to dismiss is hereby granted.


Dated:  July 1, 2004                                          /s/ Judith M. Barzilay
        _____                          _____
        New York, NY                                         Judith M. Barzilay, Judge

# ERRATA

*Heartland By-Products v. United States*, Court No. 03-00307, Slip Op. 04-78, dated July 1, 2004:

Page 1 – From the list of attorneys for the Plaintiff, remove David Serko and add Jerome L. Hanifin.

Page 1 – The first sentence of the first paragraph, for clarification, should read as follows: "This case involves an ongoing dispute between Heartland By-Products, Inc., a domestic importer and refiner of sugar imported from Canada, and the Bureau of Customs and Border Protection ("Customs" or "the government")."

July 20, 2004