Slip Op.06-84

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                     :

SKF USA INC, SKF FRANCE S.A.,     :
and SARMA,                           :
                                       :

       Plaintiffs,            :

                                       :         Before:       WALLACH, Judge
    v.                       :         Court No.:   03-00490
                                       :

UNITED STATES,              :

                                     :        **PUBLIC VERSION**
       Defendant,          :

                                     :

       and                  :

                                     :

TIMKEN US CORPORATION,    :

                                     :

       Defendant-Intervenor.   :
_____:

[United States Department of Commerce's Motion to Dismiss is Denied.]

Dated: June 5, 2006

Steptoe & Johnson, LLP, (Herbert C. Shelley, Alice A. Kipel, and Susan R. Gihring) for Plaintiffs.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Jeanne E. Davidson, Deputy Director; Stephen C. Tosini, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; and Rachael E. Wenthold, Attorney-Advisor, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of Counsel, for Defendant.

Stewart and Stewart, (Geert De Prest, Terence P. Stewart, and Lane S. Hurewitz) for Defendant-Intervenor.

**OPINION**

**Wallach, Judge:**

**I**
**Introduction**

This matter comes before the court upon Defendant's Motion to Dismiss ("Defendant's Motion") following the court's remand of the United States Department of Commerce's ("the Department" or "Commerce") administrative determination in <u>Ball Bearings and Parts Thereof from France, Germany, Italy, Japan and Singapore: Final Results of Antidumping Duty Administrative Reviews, Recission of Administrative Review in Part, and Determination Not to Revoke Order in Part</u>, 68 Fed. Reg. 35,623 (June 16, 2003) ("<u>Final Results</u>"). Defendant's Motion is predicated on the argument that because Plaintiff was delayed in obtaining a preliminary injunction by Defendant's refusal to consent to its extension through appeal[1], the merchandise at issue was deemed liquidated after six months, and this is moot. For the reasons discussed below, Defendant's Motion to Dismiss is denied. This court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2003).

**II**
**Background**

Plaintiffs are producers and exporters of ball bearings subject to the antidumping duty order on ball bearings and parts thereof from France published on May 15, 1989. <u>Antidumping</u>

---

[1] Defendant consented to the preliminary injunction other than the duration of the injunction through appeal. Defendant's Response to SKF's Partial Consent Motion for Preliminary Injunction at 1-2 (Oct. 6, 2003). It declined to consent to the injunction on appeal, even though this court had squarely ruled on the issue and which was affirmed by the Court of Appeals for the Federal Circuit. <u>See</u> <u>International Trading Co. v. United States</u>, 281 F.3d 1268 (Fed. Cir. 2002); <u>International Trading Co. v. United States</u>, 110 F. Supp. 2d 977 (CIT 2000).

Duty Orders: Ball Bearings, Cylindrical Roller Bearings, Spherical Plain Bearings, and Parts Thereof from France, 54 Fed. Reg. 20,902 (May 15, 1989). In the Final Results, Commerce found that SKF did not act to the best of its ability and assigned a margin of 10.08 percent based on partial adverse facts available ("AFA"). The court remanded this matter to Commerce on August 24, 2005, to re-evaluate and re-examine its decision by providing evidentiary support for utilizing partial AFA unrelated to SKF's alleged failure to offer evidence at verification, or in the alternative to re-calculate SKF's margin using SKF's own information. Defendant filed its Motion to Dismiss during the briefing period related to the court's remand, challenging the court's jurisdiction in this matter.

### III
### Arguments

Defendant claims that the court's February 18, 2004, Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction was issued after the section 1504(d) deadline for enjoining liquidation. 19 U.S.C. § 1504(d). As a result, Defendant argues that this matter is moot since the merchandise subject to this administrative review was deemed liquidated prior to the case being heard by this court and thus depriving the court of subject matter jurisdiction. Defendant's Motion to Dismiss ("Defendant's Motion") at 3 (citing Powell v. McCormack, 395 U.S. 486, 496 (1969); Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983); Coalition for the Preservation of American Brake Drum & Rotor Aftermarket Mfrs. v. United States, Slip Op. 05-74 at 6 (CIT June 21, 2005)).

Plaintiff argues that the court had jurisdiction over this matter at the time the Complaint was filed and that it also timely filed its partial consent motion seeking a preliminary injunction. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition") at 2-3 (citing

19 U.S.C. § 1516a(a)(2)(A)(i)(I); 19 U.S.C. § 1516a(a)(2)(B)(iii); 28 U.S.C. § 1581(c); and 19 U.S.C. § 1516a(c)). Plaintiff asserts that the court does not lack subject matter jurisdiction. Id. at 1.

## IV
## Applicable Legal Standard

When a court's jurisdiction is challenged, "[t]he party seeking to invoke the Court's jurisdiction bears the burden of proving the requisite jurisdictional facts." Former Employees of Sonoco Prods. Co. v. United States, 273 F. Supp. 2d 1336, 1338 (CIT 2003) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936). In the context of a motion to dismiss, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" United States v. Islip, 22 CIT 852, 854, 18 F. Supp.2d 1047, 1051 (1998) (quoting Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

## V
## Discussion
## Defendant's Motion to Dismiss is Denied

Defendant claims the court lacks jurisdiction to review SKF's claim because "all relevant entries of subject merchandise have been deemed liquidated as a matter of law pursuant to 19 U.S.C. § 1504(d), because liquidation of the subject entries were not enjoined within six months of the publication of the Final Results." Defendant's Motion at 4. Defendant argues that since the court did not issue its order enjoining liquidation until February 18, 2004 (eight months after publication of the Final Results), the entries at issue in this case were liquidated by law on December 16, 2003. Id. (citing International Trading Co. v. United States, 281 F.3d 1268 (Fed. Cir. 2002) ("International Trading II"). Defendant claims that since all entries relevant to

4

Plaintiff's case were deemed liquidated, there is no longer any case or controversy for the court's review and the matter should be dismissed. Id. at 6.

Plaintiff argues that at the time its Complaint was filed, the court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition") at 2. Plaintiff states that it properly filed a motion for preliminary injunction within the requisite time period specified in USCIT R. 56.2(a) and that all parties consented to the motion, except for the duration of the injunction, to which Defendant initially objected but then consented by agreeing to be bound by the court's order.[2] Id. at 3. SKF further states that "[t]he only delay was as a direct result of the Defendant's withholding of consent to that part of the motion dealing with the duration of the injunction." Id. at 4. SKF also notes that its entries have not in fact been liquidated, no notice of liquidation has been issued and for Defendant to actually liquidate the entries would be a violation of the court's order. Id. at 7 and 22. SKF finally argues that 19 U.S.C. § 1504(d) "cannot operate to divest a court of subject matter jurisdiction in an action if a timely filed motion for a preliminary injunction has not been acted upon by the Court within six months from the publication of the final results of an administrative determination." Plaintiff's Opposition at 11. SKF concludes that since its entries remain unliquidated, there remains a case or controversy upon which the court can rule and as a result, Defendant's Motion should be denied. Id. at 21.

On January 22, 2004, the court held oral argument on Plaintiff's Partial Consent Motion

---

[2] The court's opinion in SKF USA Inc. v. United States notes that "[a]ll of the parties consented to a preliminary injunction, and no party denies that Plaintiffs have established their right to a preliminary injunction. Defendant, however, disputes the length of the injunction. See SKF USA Inc. v. United States, 316 F. Supp. 2d 1322, 1327 (CIT 2004).

for Preliminary Injunction in order to give Defendant an opportunity to show why this case differed from the court's previous holding in International Trading II, that preliminary injunctions run through appeal. At argument, the court noted that it "almost [did not] set this thing for oral argument, but [wanted] to hear from the Government" as to why there was any distinction from International Trading II. Transcript of January 22, 2004, Oral Argument at 2:18-19. On February 18, 2004, this court issued a detailed opinion and order granting SKF's motion for a preliminary injunction. SKF USA Inc. et al. v. United States, 316 F. Supp.2d 1322, 1327 (CIT 2004). The order enjoined liquidation of any and all unliquidated entries of ball bearings from France produced or exported by Plaintiff. Id. The opinion accompanying the preliminary injunction order further clarified that "[a]ll of the parties consented to a preliminary injunction, and no party denies that Plaintiffs have established their right to a preliminary injunction . . .." Id. Pursuant to 19 U.S.C. § 1516a(c)(1), unless the court enjoins liquidation of entries covered by Commerce's determination, these entries are liquidated upon a conclusive decision by either this court or an appeals court. Preliminary injunctions are essential in preserving a plaintiff's right to judicial review. See Yancheng Baolong Biochemical Prods. Co., Ltd. v. United States, 277 F. Supp.2d 1349, 1359-60 (CIT 2003). Congress specifically granted this court the authority to issue injunctions that suspend liquidation of subject entries until there has been a "final court decision in the action." Id. at 1358; see also 19 U.S.C. § 1516a(c)(2) and (e)(2). The primary purpose of this court's preliminary injunction is to preserve this court's jurisdiction and to preserve the jurisdiction of the appellate courts. Id. at 1358-59. This court issues preliminary injunctions requiring the suspension of all unliquidated entries through the pendency of the action until all appeals have been exhausted. Id. at 1359. To do otherwise

would cause importers to suffer irreparable harm[3] because the Court of Appeals would have no justiciable conflict to resolve and would be constitutionally powerless to remedy any improvident determinations by the trial court. See Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983).

This court has the power[4] to grant injunctive relief barring the liquidation of entries upon a request by an interested party and a proper showing that a preliminary injunction should be granted.[5] 19 U.S.C. § 1516a(c)(2).  In the case at issue, SKF timely filed its motion for preliminary injunction and Defendant partially consented to be subject to the preliminary injunction. See SKF, 316 F. Supp.2d at 1327.  As aptly stated by SKF, the "statute provides no time limit during which the Court must issue a preliminary injunction." Plaintiff's Opposition at 18.  The only time restriction on obtaining a preliminary injunction is stated in USCIT R. 56.2(a) which provides a deadline within which an interested party must file its motion.[6]  Once that motion is filed, then it falls to the court to either grant or deny the motion.  Here, SKF reasonably

---

[3] In this particular case, SKF argues that it would be irreparably harmed if its entries were deemed liquidated since, it says, its entries would be liquidated at a deposit rate of 11.43 percent rather than the prospective margin rate of 6.14 percent which would be the dumping margin if this litigation were properly concluded. Plaintiff's Opposition at 15.

[4] The Court of International Trade possesses "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States." 28 U.S.C. § 1585 (2003).

[5] For the court to grant a preliminary injunction, the Plaintiffs must establish that: (1) without the preliminary injunction, they will suffer irreparable harm; (2) the balance of hardships weighs in their favor; (3) it is likely that they will succeed on the merits of their case; and (4) granting the preliminary injunction will not run counter to the public's interest. See NMB Singapore Ltd. v. United States, 120 F. Supp.2d 1135, 1139 (CIT 2000).

[6] Rule 56.2(a) states that a "motion for a preliminary injunction to enjoin the liquidation of entries that are the subject of the action shall be filed by a party to the action within 30 days after the date of service of the complaint. . .." USCIT R. 56.2(a).

7

relied upon Defendant's consent and had no reason to question Defendant's continued compliance with its agreement to be bound by the preliminary injunction. See Plaintiff's Opposition at 8-16. Given the fact that Defendant consented not only to the preliminary injunction but also to the jurisdiction of the court, an injunction existed *de facto*[7] prior to the issuance of the court's actual order, as Defendant was aware that it would be enjoined from liquidating SKF's entries during the pendency of this matter.[8]

Defendant's interpretation of 19 U.S.C. § 1504(d) is that the text of the statute is clear and unambiguous and that its prior representations and agreements are irrelevant. Analyzing a similar argument the court in Koyo Corp. v. United States, 403 F. Supp.2d 1305, 1308 (CIT 2005), noted that "[i]n essence, [Defendant] states that it is immaterial if the government benefits from its own neglect or other wrongdoing. . . . This is absurd."[9] Id. Similarly, here Defendant

---

[7] *De facto* or "in point of fact" means that it is "actual; existing in fact; having effect even though not formally or legally recognized." Black's Law Dictionary at 426 (7th ed. 1999).

[8] See Wilmington United Neighborhoods v. United States Dep't of Health, Educ. Welfare, 615 F.2d 112, 116 (3d Cir. 1980) (where the court found that "the litigation challenging [a construction project] amounted to a *de facto* injunction since it precluded [the plaintiff] from obtaining favorable financing.); see also Wilmington United Neighborhoods v. United States Dep't of Health, Educ. Welfare, 458 F. Supp. 628, 635 (D. Del. 1978) (expressing in footnote 32 that "several issues are still on appeal to the Third Circuit and the mere pendency of the action has served as a *de facto* injunction."); see also Carolina Power & Light Co. v. South Carolina Pub. Serv. Auth., 20 F. Supp. 854, 856 (D. S.C. 1937) (stating that "no interlocutory injunction was needed, as the very pendency of the suits and the hundred or more other suits of like nature pending in the federal courts of the United States operated as a '*de facto*' injunction. Such factual injunction was in practical effect just as effective for the plaintiffs as one signed by the judge and bearing the seal of a court."); see also Gautreaux v. Chicago Housing Auth., No. 66 C1459, 2004 WL 1427107, at *4 (N.D. Ill. 2004) (finding that defendant-intervenors attempt to intervene in the litigation would act as a *de facto* injunction since it would result in the delay of the project).

[9] The court reasoned that:

> [t]he government's interpretation of the statute is that the words

argues that it should benefit from its own unfounded opposition and delay in preventing Plaintiff from obtaining a preliminary injunction within the six-month period. This is contrary to the purpose of the statute which is to ensure the proper liquidation of subject entries and not merely to achieve finality. United States v. Cherry Hill Textiles, Inc. 112 F.3d 1550, 1560 (Fed. Cir. 1997). To interpret 19 U.S.C. § 1504(d) in a manner that would restrict this court's power to grant injunctive relief is contrary to Congressional intent. See S. Rep. No. 96-249, at 252 (1979).

In addition, no action has been taken by Customs to liquidate SKF's entries during the time period that this matter has been before the court. Not only has no bulletin noticing liquidation of the entries has been posted or lodged, Defendant's counsel assured the court at oral argument that no such event had occurred. Plaintiff's Opposition at 22 (citing 19 C.F.R. § 159.12(g)). In order for entries to be deemed liquidated, a conclusive decision must be rendered so that suspension of liquidation is removed. See Fujitsu Gen. Am., Inc. v. United States, 283 F.3d 1364,1376 (Fed. Cir. 2002). At this same moment any preliminary injunction granted by the lower court dissolves. Id. Furthermore, since the injunction ends at the same moment that suspension of liquidation is removed, Commerce has no question as to when it may give liquidation instructions to Customs to actually liquidate the subject entries. See SKF 316 F.

----

are clear. . . . The words of the statute control, and because it inadvertently failed to liquidate on time, it may retain any money collected. The government argues further that the goal of the statute was to achieve finality, and that goal is met as soon as the six-month period elapses. . . . The goal of the statute was to achieve finality so that importers would not be hit with unexpected duties years later, not so that Customs would profit by intentional wrongdoing or even mere inattention to duty.

Koyo Corp. 403 F. Supp.2d at 1308.

9

Supp.2d at 1334. Because deemed liquidation is a legal proposition requiring further action to effect actual liquidation, SKF's entries remain within this court's jurisdiction. See Wear Me Apparel Corp. v. United States, 1 CIT 194, 196-97, 511 F. Supp. 814 (CIT 1981); see also Nobelpharma U.S.A. Inc. v. United States, 21 CIT 47, 955 F. Supp. 1491 (1997). Due to the fact that the entries subject to this litigation remain unliquidated there is a case or controversy that needs to be adjudicated by this court and subject matter jurisdiction remains alive. See United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, 307-309, 17 S.Ct. 540, 41 L. Ed. 1007 (1897).

## V

## Conclusion

For the reasons stated above, Defendant's Motion is hereby denied.


_____/s/ Evan J. Wallach_____
Evan J. Wallach, Judge

Date: June 5, 2006
New York, New York